UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HENRY GARZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 11 C 695 |
| | ) | |
| OFFICER KENNEY, in his official, | ) | |
| personal, and individual capacity, | ) | |
| OFFICER LATINI in his official, | ) | |
| personal, and individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on Defendant Officer Kenney's ("Officer Kenney") unopposed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons stated below, the motion is granted.

### BACKGROUND[1]

Plaintiff Henry Garza ("Garza"), at all relevant times, was a pre-trial detainee at Cook County Jail. On November 5, 2010, Garza and six or seven additional detainees

---

[1] Garza did not oppose Officer Kenney's statement of material facts. Accordingly, all facts set forth in Officer Kenney's statement of material facts are deemed admitted. N.D. Ill. L.R. 56.1(b)(3)(C). The Court notes that the material facts are supported by Garza's deposition testimony.

were standing uncuffed in two parallel single file lines while returning to their jail cells from court. Officer Kenney and an unidentified officer accompanied the inmates.

Dennis Rushing ("Rushing"), the detainee standing behind Garza, twice bumped into Garza and stepped on the back of Garza's shoes. When Garza turned around, Rushing coughed in his face. After Rushing swung at Garza with a closed fist, Rushing and Garza began fighting. Officer Kenney unsuccessfully tried to separate them and then immediately called for backup by placing a "10-10" call. Approximately two minutes after Officer Kenney called for backup, six or seven officers arrived and stopped the fight. Because Rushing had bitten Garza on the chin and cheek and scratched Garza's face, the officers took Garza to the hospital where he received treatment.

Prior to the attack, Garza had never met or seen Rushing and never informed Officer Kenney or any other officer that he feared for his safety because of Rushing or any other detainee.

Garza asserts a claim against Officer Kenney under 42 U.S.C. § 1983, alleging that Officer Kenney failed to protect him from Rushing. Officer Kenney now moves for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact, such that the

movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Protective Life Ins. Co. v. Hansen*, 632 F.3d 388, 391-92 (7th Cir. 2011). A genuine issue of material fact exists when, based on the evidence, a reasonable jury could find in favor of the non-moving party. *Van Antwerp v. City of Peoria, Ill.*, 627 F.3d 295, 297 (7th Cir. 2010). A court construes all facts and draws all reasonable inferences in favor of the non-moving party. *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009).

## DISCUSSION

A prison official cannot act with deliberate indifference to the safety and welfare of a pre-trial detainee. *Guzman v. Sheahan*, 495 F.3d 852, 856-57 (7th Cir. 2007) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). A prison official is deliberately indifferent to the safety of a pre-trial detainee if the official was aware of a substantial risk of serious injury to the detainee and failed to take appropriate steps to protect the detainee from the known danger. *Id.* at 857. Officer Kenney argues that this Court should grant summary judgment in his favor because the undisputed facts prove that he was not deliberately indifferent to Garza's safety.

Officer Kenney first argues that he was not aware of a substantial risk of injury to Garza. A prison official must have actual knowledge of the risk of injury to the detainee. *Guzman*, 495 F.3d at 858 (citing *Washington v. LaPorte Cnty. Sheriff's Dep't*, 306 F.3d 515, 518 (7th Cir. 2002)). A prison official lacks sufficient notice that an inmate poses a substantial risk of injury to another inmate where the two inmates had

- 3 -

no previous interaction, the plaintiff never notified prison officials that he feared for his safety around the other inmate, and the prison officials had no knowledge of the inmate's proclivity for violence. *Guzman*, 495 F.3d at 857-58. Here, Garza had never met or seen Rushing before the attack, Garza never informed prison officials that Rushing threatened his safety, and prison officials had no reason to believe that Rushing would attack Garza. Thus, no reasonable jury could conclude that Officer Kenney was actually aware of a substantial risk of injury to Garza.

Even assuming that Officer Kenney was aware of a substantial risk of injury to Garza, Officer Kenney argues that he was not deliberately indifferent because he responded reasonably. A prison official who immediately responds to an inmate fight by calling for backup does not exhibit deliberate indifference to the safety of the inmates. *Id.* (affirming summary judgment where prison official responded reasonably by immediately placing a "10-10" call for backup); *Eddmonds v. Walker*, 317 F. App'x 556, 558 (7th Cir. 2009) (affirming summary judgment where prison official immediately called for backup and verbally commanded the inmates to stop fighting). Here, Officer Kenney immediately placed a "10-10" call for backup and, within approximately two minutes, additional officers arrived on the scene and stopped the fight. Further, Officer Kenney had no obligation to assume the unreasonable risk of attempting to break up the fight if such action would jeopardize his safety. *See Guzman*, 495 F.3d at 858. Nevertheless, Officer Kenney initially attempted to

physically intervene which endangered his safety because the inmates continued fighting and approximately six other uncuffed detainees were standing nearby. Based on the undisputed facts, a jury could not reasonably conclude that Officer Kenney failed to appropriately respond when Rushing attacked Garza.

## CONCLUSION

For the foregoing reasons, this Court grants Officer Kenney's motion for summary judgment.

*/s/ Charles P. Kocoras*
_____
Charles P. Kocoras
United States District Judge

Dated:  December 5, 2011